UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD PERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:09CV614 TCM |
| ) | |
| TROY STEELE, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court finds that it is time-barred. As a result, the Court will order petitioner to show cause why the petition should not be summarily denied.

Petitioner was convicted in the Circuit Court, City of St. Louis, of murder in the first degree and armed criminal action. See Perry v. State, 820 S.W.2d 570, 572 (Mo. App. E.D. 1991). Petitioner was sentenced to consecutive terms of life without parole and three years. Id. Petitioner sought, but was denied, post-conviction relief pursuant to Rule 29.15 of the Missouri Rules of Criminal Procedure. Id.

On April 26, 2006, petitioner brought a § 2254 habeas petition in this Court challenging the state court judgment. See Perry v. Dwyer, 4:06CV689 TCM (E.D. Mo.). The Court summarily dismissed the petition because it was time-barred by

several years. Id. Petitioner filed an untimely notice of appeal, and the United States Court of Appeals for the Eighth Circuit dismissed the appeal accordingly. Perry v. Dwyer, No. 08-1622 (8th Cir. 2008).

Petitioner has now filed a massive document that he brings, purportedly, under several different statutes, including 28 U.S.C. § 2255. In the petition, petitioner claims that his trial and appellate counsel were ineffective, and petitioner seeks to overturn the state court judgment responsible for his current incarceration. Because petitioner is seeking to challenge the state court judgment of his conviction, the petition is properly brought under § 2254. As a result, the Court will construe it as such.

The instant petition is barred by the one year period of limitations set forth in 28 U.S.C. § 2244(d). As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time-barred. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time-barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than twenty (20) days from the date of this Order, why the petition should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed in forma pauperis [#2] is **GRANTED**.

Dated this 1st day of May, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE